The Honorable Julia Hughes Jones Auditor of State 230 State Capitol Little Rock, Arkansas 72201
Dear Ms. Jones:
This is in response to your request for an opinion on two questions concerning the payment of substitute court reporters. You note that your office, pursuant to Act 788 of 1991, disburses the salary and expense reimbursements of circuit and chancery court reporters and their substitutes. Your two questions relating to this responsibility are as follows:
 1. Can a full-time county employee be paid as a substitute court reporter?
 2. Can a full-time county employee on annual leave be paid as a substitute court reporter?
It is my opinion that there is no state constitutional or statutory impediment to the conduct you describe. Local county ordinances and policies of elected county officials governing outside employment by county personnel and hours of work should, however, be considered.
Your question refers to circuit and chancery court reporters. These court reporters are paid by the state and are state employees. See Act 788 of 1991 and A.C.A. § 16-13-501 (1987). Section 16-13-509 (Cum. Supp. 1991) authorizes circuit and chancery judges to employ substitute court reporters if necessary in order to prevent a disruption of the business of the court. These substitute court reporters are in most instances paid with state funds, (A.C.A. § 16-13-509(c)), although the statute does not prohibit the judge from obtaining payment from the county. A.C.A. § 16-13-509(e).
If, as your question suggests, the substitute court reporter is employed by a circuit or chancery judge, and paid with state funds, it is my opinion that the ethical restrictions of A.C.A. §14-14-1202 (which is applicable to county employees and provides that no county employee shall be interested in any contract or transaction made on behalf of the county, or accept compensation growing out of any contract of the county), do not apply. The contract in question is a state contract, and would not, in such instance, implicate any county funds.
We can find no other provision of state law which would prohibit the conduct you describe. Local ordinances adopted under the authority of A.C.A. § 14-14-805(2), as to county employees, or policies of a county elected official regarding the outside employment and hours of work of his or her employees, however, may govern the legality of a county employee accepting such employment. If no local prohibitions in this regard exist, it is my opinion that the answer to both of your questions is "yes."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh